[Cite as *State v. Koob*, 2024-Ohio-1073.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-42 |
| | : | |
| v. | : | Trial Court Case No. 22-CR-0365(F) |
| | : | |
| ISRAEL KOOB | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 22, 2024

. . . . . . . . . . .

ADAM J. ARNOLD, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Israel Koob appeals from his convictions, following his guilty pleas, on three counts of felonious assault. Koob asserts the trial court erred by denying his pre-sentence motion to withdraw his guilty pleas. For the reasons set forth below, we affirm.

## I.      Facts and Course of the Proceedings

{¶ 2} On January 15, 2022, Koob and several co-defendants fired gunshots from vehicles into a residence.   Three people in the residence were injured because they were struck by bullets.   On April 26, 2022, Koob was indicted on one count of improper discharge of a firearm at or into a habitation; one count of discharge of a firearm on or near prohibited premises; three counts of felonious assault; one count of improper handling of a firearm in a motor vehicle; and one count of having a weapon under disability.   All of the counts except having a weapon under disability included firearm specifications.

{¶ 3} Following plea negotiations, Koob entered guilty pleas to the three counts of felonious assault.   In exchange, the State dismissed the other counts as well as the firearm specifications attached to the felonious assault charges.   The plea hearing was conducted on March 9, 2023.   Following the hearing, the trial court found Koob guilty of the three counts of felonious assault, but it deferred sentencing until the co-defendant's cases were resolved.

{¶ 4} On July 17, 2023, Koob filed a motion to withdraw his plea.   The motion did not state the basis for the withdrawal.   The State opposed the motion.   At the hearing on the motion, defense counsel indicated that, although he had filed the motion to withdraw at Koob's request, he did not know the basis for the motion.   Then the following colloquy took place between Koob and the court:

KOOB:   Because I didn't know I was, the maximum was 24 years and I wouldn't take plea deal if it was that - -

THE COURT: Well, at the time of the plea I went over the maximum penalties with you; you don't recall that?

KOOB: Yeah. You said 8 to 12.

THE COURT: For each offense.

KOOB: I thought it was just one when you said it, that you meant all together.

* * *

DEFENSE COUNSEL: I'm kind of in a difficult position but it's my recollection that [Koob] is saying he wasn't aware that those three charges that he pled to could be run concurrently or consecutive. I am positive that that was discussed with him. And, again, it should be noted for the record that he filed this motion against my advice when I spoke to him, but, again, as I felt that because he was asking for it, it had to be filed * * *.

Motion Hearing Tr. p. 4-5, 7.

{¶ 5} The trial court denied the motion to withdraw the pleas. It then sentenced Koob to an indefinite sentence of eight to 12 years in prison on one count of felonious assault and to an indefinite sentence of seven to 10.5 years on the other two counts. The trial court ordered the sentences to run consecutively for an aggregate prison term of 22 to 26 years. Koob filed a timely appeal.

**II. Discussion**

{¶ 6} Koob's sole assignment of error states:

APPELLANT'S GUILTY PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY GIVEN AND THE TRIAL COURT ABUSED ITS DISCRETION WHEN NOT GRANTING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA.

{¶ 7} Koob asserts the trial court erred in denying his motion to withdraw his pleas. He asserts that the court did not inform him that his sentences could be run consecutively.

{¶ 8} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A presentence motion to withdraw a guilty plea "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). As such, the standard for presentence motions is considerably more lenient than the "manifest injustice" standard applicable to post-sentence motions. *State v. Fugate*, 2d Dist. Montgomery No. 21574, 2007-Ohio-26, ¶ 10. However, even under the less stringent standard, the right to withdraw a plea is not absolute, and a trial court retains discretion to overrule a presentence motion to withdraw a plea. *Xie* at 527.

{¶ 9} Appellate courts review trial court decisions on motions to withdraw pleas for an abuse of discretion. *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977), paragraph two of the syllabus. A court abuses its discretion when its decision displays an attitude that is unreasonable, arbitrary, or unconscionable. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597

(1990). "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id.* "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

{¶ 10} When evaluating a defendant's claim that the trial court abused its discretion in overruling a presentence motion to withdraw a plea, this court has adopted the factors set forth in *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995), *overruled on other grounds, State v. Sims*, 2017-Ohio-8379, 99 N.E.3d 1056 (1st Dist.). *State v. Good*, 2d Dist. Clark No. 2022-CA-39, 2023-Ohio-1510, ¶ 8. Those factors include:

(1) whether the accused is represented by highly competent counsel,

(2) whether the accused was given a full Crim.R. 11 hearing before entering the plea,

(3) whether a full hearing was held on the motion,

(4) whether the trial court gave full and fair consideration to the motion,

(5) whether the motion was made within a reasonable time,

(6) whether the motion sets out specific reasons for the withdrawal,

(7) whether the accused understood the nature of the charges and possible penalties,

(8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges, and

(9) whether the state is prejudiced by withdrawal of the plea.

*Good* at ¶ 8.

**{¶ 11}** When considering these factors, the trial court employs "a balancing test, and no single factor is dispositive." *State v. Massey,* 2d Dist. Champaign No. 2015-CA-1, 2015-Ohio-4711, ¶ 30, citing *State v. Preston,* 2d Dist. Montgomery No. 25393, 2013-Ohio-4404, ¶ 20. The issue for the trial court "is whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Xie,* 62 Ohio St.3d at 527, 584 N.E.2d 715.

**{¶ 12}** Here, the record supports the trial court's findings that Koob was represented by competent counsel and was provided a full Crim.R. 11 plea colloquy. Further, the record shows that the trial court held a full hearing on the motion to withdraw, and there is nothing to suggest that the court failed to give the matter full and fair consideration. Although the trial court did not inform Koob that the sentences imposed on each count could be ordered to run consecutively, the record demonstrates that Koob was aware of the maximum possible penalty for each count of felonious assault, and counsel indicated that he had informed Koob of the possibility that the sentences could run consecutively. The plea form signed by Koob also stated that the court had the authority to impose consecutive sentences. Koob did not claim to have a complete defense to the charges or that he was not guilty of the charges. The State claimed it would be prejudiced by a withdrawal as the motion was filed four months after the entry of the guilty pleas and more than a year after the case was initiated. The State argued that the lengthy lapse in time would make it difficult to obtain the necessary witnesses for trial. On this record, we cannot say the trial court abused its discretion in concluding that

Koob did not have a reasonable basis for the withdrawal of his guilty pleas.

{¶ 13} More importantly, Ohio Crim.R. 11(C) "does not require a defendant to be told that his sentences may be imposed consecutively." *State v. Bailey*, 2d Dist. Montgomery No. 19736, 2004-Ohio-273, ¶ 16, citing *State v. Johnson*, 40 Ohio St.3d 130, 532 N.E.2d 1295 (1988), syllabus. Further, the failure to make such an advisement does not render the plea involuntary, unintelligent, or unknowing. *Id.*; *State v. Ethley*, 8th Dist. Cuyahoga No. 102138, 2015-Ohio-3230, ¶ 35. The Ohio Supreme Court has stated that "the decision of whether the criminal defendant is to serve the sentences for all his crimes consecutively or concurrently is a matter of sentencing discretion, the exercise of which is committed to the trial court." *Johnson* at 133-134. *Johnson* further held that, because the decision whether to impose consecutive sentences is within the trial court's discretion, it need not be addressed at a plea hearing. *Id.* at 134. Therefore, the trial court did not err when it failed to inform Koob that it could impose consecutive sentences.

{¶ 14} On this record, we find no merit in Koob's argument. Accordingly, the assignment of error is overruled.

### III. Conclusion

{¶ 15} The sole assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

LEWIS, J. and HUFFMAN, J., concur.