**[Cite as *State v. McElrath*, 2024-Ohio-2475.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-45 |
| | : | |
| v. | : | Trial Court Case No. 22-CR-0365(D) |
| | : | |
| D'ANDRE McELRATH | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on June 28, 2024

. . . . . . . . . . .

FRANK M. BATZ, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} D'Andre McElrath appeals from his conviction following a guilty plea to three counts of felonious assault.

{¶ 2} McElrath challenges the trial court's imposition of consecutive sentences. He contends its sentencing findings were unsupported by the record. He also claims his guilty

plea was invalid because he was unaware of the potential for consecutive sentences. Finally, he alleges ineffective assistance of counsel based on his attorney's failure to advocate for concurrent sentences.

{¶ 3} We conclude that the record does not clearly and convincingly fail to support the trial court's consecutive-sentence findings. McElrath's professed lack of awareness about possible consecutive sentences did not invalidate his plea, and defense counsel did not provide ineffective assistance. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 4} A grand jury charged McElrath with improperly discharging a firearm into a habitation, discharging a firearm on or near prohibited premises, three counts of felonious assault, improper handling of a firearm in a motor vehicle, and having a weapon while under disability. The charges, which included a number of firearm-related specifications, stemmed from a drive-by shooting in which McElrath and his co-defendants fired shots into a residence and hit three people.

{¶ 5} Following his indictment, McElrath entered a negotiated guilty plea to the felonious-assault charges. In exchange, the State agreed to dismiss the other charges and all specifications. It also agreed to the preparation of a presentence investigation (PSI) report. Finally, the State agreed that McElrath's sentence would run concurrently with the sentence to be imposed in a separate robbery case in which he had pled guilty. The agreement was contingent on McElrath's testifying truthfully against his co-defendants if they went to trial. The trial court accepted the pleas during a September 29,

2022 hearing.

{¶ 6} McElrath apparently satisfied his obligations under the plea agreement. He appeared before the trial court for sentencing on August 28, 2023. The trial court indicated that it had reviewed the PSI report as well as a letter from the mother of one of the victims. After hearing from defense counsel, McElrath, and the prosecutor, the trial court imposed three consecutive prison terms for the felonious-assault convictions. The aggregate sentence for those offenses was 22 to 26 years in prison. Consistent with the plea agreement, the trial court imposed a concurrent prison term of eight to twelve years in the separate robbery case. McElrath timely appealed, advancing three assignments of error.

## II. Analysis

{¶ 7} The first assignment of error states:

**THE TRIAL COURT ERRED BY SENTENCING APPELLANT TO INDIVIDUAL SENTENCES ON THREE COUNTS, EACH COUNT TO BE SERVED CONSECUTIVELY, AS THE TRIAL COURT'S FINDINGS WERE UNSUPPORTED BY THE RECORD AND THUS CONTRARY TO LAW.**

{¶ 8} McElrath challenges the trial court's imposition of consecutive sentences. He contends the record does not support some of the trial court's findings under R.C. 2929.14(C)(4). Therefore, he argues that consecutive sentences were not permissible and that his sentences should have been concurrent.

{¶ 9} When multiple prison terms are imposed, Ohio law presumes those sentences will run concurrently rather than consecutively. R.C. 2929.41(A). However, R.C. 2929.14(C)(4) permits the imposition of consecutive sentences if the trial court

makes the findings prescribed by the statute. Specifically, the trial court must find that: (1) "the consecutive service is necessary to protect the public from future crime or to punish the offender"; (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) one or more of the following three findings is made:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 10} "[W]here a trial court properly makes the findings mandated by R.C. 2929.14(C)(4), an appellate court may not reverse the trial court's imposition of consecutive sentences unless it first clearly and convincingly finds that the record does not support the trial court's findings." *State v. Withrow*, 2016-Ohio-2884, 64 N.E.3d 553,

¶ 38 (2d Dist.). Under R.C. 2953.08(F), the "record" includes, among other things, any presentence or other report submitted to the trial court, the trial record in the case, and any oral or written statements made by or submitted to the trial court at the sentencing hearing. The clear-and-convincing standard requires "a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 11} McElrath acknowledges that the trial court made the requisite findings for consecutive sentences. However, he challenges the trial court's findings that consecutives sentences were necessary to protect the public from future crime and to punish him adequately. He also challenges the trial court's findings that consecutive sentences were not disproportionate to the seriousness of his conduct and the danger he poses to the public. He insists that "the record does not clearly and convincingly support" these findings.

{¶ 12} We find McElrath's argument to be unpersuasive. As an initial matter, the issue is not whether the record clearly and convincingly supports the trial court's findings. Rather, R.C. 2953.08(G)(2) obligates McElrath to establish that the record clearly and convincingly *does not* support them. *State v. Jones*, Ohio Slip Opinion No. 2024-Ohio-1083, __ N.E.3d __, ¶ 17.

{¶ 13} McElrath was sentenced on August 28, 2023, in two cases. The first case involved the robbery conviction. That offense occurred in February 2021 when he and his co-defendants pulled a handgun and demanded the victim's truck. When the victim failed to comply, they beat him and stomped on his head, causing severe injuries. They also

stole the victim's wallet. The trial court imposed an eight to twelve-year prison sentence in the robbery case. The trial court ordered that sentence to be served concurrently with McElrath's sentence in the present case, which involved his participation in a January 2022 drive-by shooting. On that occasion, 18-year-old McElrath and his co-defendants fired shots into a residence and struck three people, including a 13-year-old child who was hit in the stomach.

{¶ 14} McElrath was unemployed at the time of his arrest. He lacked a high-school diploma, had never been married, and had one child. He self-reported mental-health disorders including PTSD, ADHD, oppositional-defiant disorder, and extensive-depression disorder. He admitted using marijuana and prescription pills daily. He lacked a driver's license and had no income or financial resources. His Ohio Risk Assessment System recidivism risk-assessment level was high.

{¶ 15} In addition to the present case, McElrath had charges pending against him for another felonious assault and an assault. His prior juvenile record included a 2014 adjudication for criminal damaging, a 2015 adjudication for menacing, a 2015 adjudication for assault, a 2015 adjudication for criminal damaging/endangering, a 2015 admonishment for menacing, a 2015 adjudication for breaking and entering, two 2016 admonishments for theft, a 2017 adjudication for disorderly conduct, a 2018 adjudication for robbery, and a 2019 adjudication for complicity to commit robbery. McElrath's juvenile record reflects a history of suspended commitments, commitments to DYS, and probation violations.

{¶ 16} In light of the foregoing facts, the record does not clearly and convincingly

fail to support the trial court's findings that consecutives sentences were necessary to protect the public from future crime and to punish McElrath. Nor does the record clearly and convincingly fail to support its findings that consecutive sentences were not disproportionate to the seriousness of his conduct and the danger he poses to the public. McElrath had a history of engaging in serious criminal behavior. His two most recent offenses involved a brutal group attack on the theft victim and his participation in a brazen drive-by shooting that resulted in three victims being struck with bullets. Based on McElrath's background, history of criminal conduct, and the nature of his most recent offenses, the record does not fail to support the trial court's consecutive-sentence findings. The first assignment of error is overruled.

{¶ 17} McElrath's second assignment of error states:

**APPELLANT'S [SIC] DID NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTER THE PLEA AGREEMENT.**

{¶ 18} McElrath contends his guilty plea was invalid because he was unaware of the potential for consecutive sentences. Although he notes the trial court's failure to advise him about consecutive sentencing during the plea hearing, he appears to acknowledge that Crim.R. 11(C)(2)(a) required no such advisement. *See State v. Koob*, 2d Dist. Clark No. 2023-CA-42, 2024-Ohio-1073, ¶ 13; *State v. Shade*, 2d Dist. Montgomery Nos. 29373 & 29374, 2022-Ohio-3845, ¶ 13; *State v. Swaney*, 2d Dist. Montgomery Nos. 28357 & 28515, 2020-Ohio-210, ¶ 28. Instead, he argues that defense counsel provided ineffective assistance, and thereby rendered his guilty plea less than knowing and voluntary, by not telling him about the potential for consecutive sentences

before he entered his plea.

{¶ 19} We review alleged instances of ineffective assistance of counsel under the two-part analysis found in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which the Ohio Supreme Court adopted in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). To prevail on an ineffective-assistance claim, a defendant must show that trial counsel rendered deficient performance and that counsel's deficient performance prejudiced him. *Strickland* at paragraph two of the syllabus; *Bradley* at paragraph two of the syllabus.

{¶ 20} To establish deficient performance, a defendant must show that his trial counsel's performance fell below an objective standard of reasonable representation. *Strickland* at 688. In evaluating counsel's performance, a reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "The adequacy of counsel's performance must be viewed in light of all of the circumstances surrounding the trial court proceedings." *State v. Jackson*, 2d Dist. Champaign No. 2004-CA-24, 2005-Ohio-6143, ¶ 29. To establish prejudice, a defendant must show that there is "a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland* at 687-688 and *Bradley* at paragraph two of the syllabus.

{¶ 21} Even assuming that failure to advise a defendant about possible consecutive sentencing can constitute ineffective assistance, McElrath's argument fails because the record does not reveal what his attorney told him before the plea hearing.

Notably, however, the record contains a plea form signed by McElrath. It explicitly advised him that the trial court could impose consecutive sentences for multiple charges. During his plea hearing, McElrath acknowledged having reviewed the form with defense counsel. Given that nothing in the record supports McElrath's allegation that his attorney failed to tell him about consecutive sentences, he cannot demonstrate ineffective assistance of counsel. *Compare State v. Redd*, 2d Dist. Montgomery No. 11827, 1990 WL 94603, *2 (June 21, 1990) ("There is nothing in the record to substantiate Redd's allegations of ineffective assistance of counsel. The record neither establishes what Redd's counsel told him concerning the sentence that he could expect to receive, nor that whatever Redd was told constituted ineffective assistance of counsel.").

{¶ 22} Finally, McElrath claims defense counsel rendered ineffective assistance by failing to obtain a "bullet analysis" used in his co-defendants' trials. McElrath contends the analysis showed that the shots he fired did not strike the victims. He suggests his plea was invalid because he entered it without having this information. But McElrath's assertion, even if true, was no defense to the felonious-assault charges, which required proof that he caused *or attempted to cause* physical harm with a deadly weapon. R.C. 2903.11(A)(2). Even more fundamentally, the record again lacks evidence supporting McElrath's claim about what the purported bullet analysis showed or that it even existed when he entered his plea. Accordingly, the second assignment of error is overruled.

{¶ 23} McElrath's third assignment of error states:

**APPELLANT WAS SUBJECT TO THE INEFFECTIVE ASSISTANCE OF COUNSEL.**

{¶ 24} McElrath next alleges ineffective assistance of counsel at sentencing. He contends his attorney failed to oppose consecutive sentences, either orally or in writing. McElrath acknowledges that defense counsel presented facts to the trial court in an attempt to mitigate his sentence. However, defense counsel never specifically addressed the statutory consecutive-sentencing factors by arguing that consecutive sentences were unnecessary or that they would be disproportionate to the seriousness of McElrath's conduct and the danger he posed to the public. Given the potential for consecutive sentencing, McElrath maintains that his attorney provided ineffective assistance by failing to make these arguments.

{¶ 25} We conclude that McElrath's attorney did not render ineffective assistance by failing to address the consecutive-sentencing factors individually. As McElrath acknowledges, defense counsel did argue in mitigation of sentence. Counsel addressed the trial court and noted that McElrath had been sitting in jail for about a year. Counsel asserted that he had been "making great strides" and "working on his substance abuse and trying to just get a better mental grasp of what he needs to do for his life." Counsel noted that McElrath had been "very cooperative" in assisting police and detectives and that he freely had pled guilty. Counsel stressed McElrath's remorse as well as his participation in and completion of various programs in jail.

{¶ 26} Although defense counsel did not recite any R.C. 2929.14(C)(4) consecutive-sentencing factors, counsel's argument was relevant to statutory factors addressing the need to protect the public from future crime and the danger he posed to the public. Defense counsel's argument supported an inference that McElrath was doing

so well rehabilitating himself that consecutive sentences were unnecessary to mitigate these concerns. Defense counsel was not required to quote R.C. 2929.14(C)(4) when making this argument. We see no deficient performance. Given our determination herein that the record did not clearly and convincingly fail to support the trial court's sentencing findings, McElrath also could not have been prejudiced by defense counsel's failure to argue otherwise more directly. The third assignment of error is overruled.

### III. Conclusion

**{¶ 27}** The judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and HUFFMAN, J., concur.