[Cite as *State v. Bakos*, 2025-Ohio-1272.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-40 |
| | : | |
| v. | : | Trial Court Case No. 2024CR0199 |
| | : | |
| SAMUEL JOSEPH BAKOS | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 11, 2025

. . . . . . . . . . .

L. PATRICK MULLIGAN & FRANK MATTHEW BATZ, Attorneys for Appellant

MEGAN A. HAMMOND, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Defendant-Appellant Samuel Joseph Bakos appeals from his conviction following his guilty pleas to two counts of felonious assault, felonies of the second degree, and one count of operating a vehicle under the influence, a misdemeanor of the first degree.

{¶ 2} Bakos argues that various acts of ineffective assistance of counsel rendered

his guilty pleas invalid. For the reasons outlined below, we conclude that he has not demonstrated any ineffective assistance of counsel adversely affecting the validity of his pleas. Accordingly, the judgment of the trial court is affirmed.

## I. Background Facts and Procedural History

{¶ 3} In September 2023, Bakos was indicted in the Greene County Common Pleas Court in Case No. 2023 CR 0512 on two counts of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), felonies of the third degree, and two counts of operating a vehicle under the influence of alcohol/drugs in violation of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(1)(f), misdemeanors of the first degree. Each of the aggravated vehicular assault charges carried a maximum prison sentence of up to five years with mandatory terms.

{¶ 4} Bakos was later charged by way of a bill of information in the Greene County Common Pleas Court in Case No. 2024 CR 0199 with two counts (counts one and two) of felonious assault in violation of R.C. 2903.11(A)(2), felonies of the second degree, and a third count of operating a vehicle under the influence in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree. The parties filed a joint motion to dismiss the indictment in Case No. 2023 CR 0512 without prejudice, which the trial court granted.

{¶ 5} The matter proceeded on Case No. 2024 CR 0199, and Bakos pleaded guilty as charged. During the plea hearing, he specifically agreed to plead guilty to counts one and two, both felonies of the second degree, and to count three, a misdemeanor of the first degree, by way of a plea agreement. The trial court advised him that each of the two

counts of felonious assault carried a minimum prison term of two years up to a maximum of eight years, potentially resulting in a maximum aggregate prison term of 16 years (none of which was mandatory). He verbalized his understanding of the terms of the agreement.

{¶ 6} The trial court sentenced Bakos to an indefinite prison term of 8 to 12 years on count one for felonious assault, to run concurrently with a definite prison term of 8 years on count two, and to a mandatory term of 3 days local jail time on count three to be subsumed into the sentence, for an aggregate sentence of 8 to 12 years. This appeal followed.

## II.     Analysis

{¶ 7} Bakos's sole assignment of error states:

APPELLANT WAS SUBJECT TO THE INEFFECTIVE ASSISTANCE OF COUNSEL AS HE DID NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTER THE PLEA AGREEMENT.

{¶ 8} On appeal, Bakos asserts that the original charges brought against him in Case No. 2023 CR 0512 included two misdemeanor charges and two third-degree felonies that carried a maximum sentence of just over eight years. He contends that he was not properly counseled regarding the sentencing consequences of accepting the plea agreement in Case No. 2024 CR 0199, which carried a potentially longer maximum sentence than the original indictment. He argues that he could not have knowingly, intelligently, and voluntarily entered his guilty plea without having information regarding the maximum penalty under the plea agreement as compared to the original charges. For these reasons, he contends that counsel's performance was deficient given the

calculation of possible sentences, his negotiation of the plea agreement, his advice to Bakos to accept the plea agreement, and his failure to assure that the bill of information was correct when transferring the charges from the original case.

{¶ 9} We review alleged instances of ineffective assistance of counsel under the two-part analysis found in *Strickland v. Washington*, 466 U.S. 668 (1984), which the Ohio Supreme Court adopted in *State v. Bradley*, 42 Ohio St.3d 136 (1989). To prevail on an ineffective-assistance claim, a defendant must show that trial counsel rendered deficient performance and that counsel's deficient performance prejudiced him. *Strickland* at paragraph two of the syllabus; *Bradley* at paragraph two of the syllabus. "A plea of guilty waives any claim that the accused was prejudiced by ineffective assistance of trial counsel, except to the extent that the ineffectiveness alleged may have caused the guilty plea to be less than knowing, intelligent, and voluntary." *State v. Stivender*, 2011-Ohio-247, ¶ 15 (2d Dist.).

{¶ 10} Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *State v. Dunn*, 2024-Ohio-600, ¶ 19 (2d Dist.). "Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel, even if, in hindsight, it looks as if a better strategy had been available." *State v. Hall*, 2021-Ohio-1894, ¶ 55 (2d Dist.), citing *State v. Cook*, 65 Ohio St.3d 516, 524 (1992). We will not second-guess decisions of counsel that may be considered matters of strategy. *Id.*, citing *State v. Smith*, 17 Ohio St.3d 98 (1985).

{¶ 11} Additionally, off-the-record events or conversations will not support an ineffective-assistance claim on direct appeal. *State v. King*, 2024-Ohio-4705, ¶ 10 (2d

Dist.), citing *State v. McElrath*, 2024-Ohio-2475, ¶ 21 (2d Dist.); *see also State v. Jordan*, 2021-Ohio-2332, ¶ 24 (2d Dist.), citing *State v. Qualls*, 2015-Ohio-2182, ¶ 15 (2d Dist.) ("[T]he record does not reveal what discovery defense counsel shared with Jordan or what counsel told him regarding a guilty plea . . . Because these arguments rely on information outside the record, they are not cognizable on direct appeal.").

{¶ 12} Upon review, we see no ineffective assistance of counsel affecting the validity of Bakos's guilty plea. Bakos contends that his trial counsel recommended that he plead guilty to the two second-degree felony counts in the bill of information, although he was originally charged with two third-degree felony counts, and that counsel's recommendation concerning the bill of information carried a potentially longer maximum sentence than the original indictment.

{¶ 13} Regarding Bakos's knowledge of the charges against him to which he pleaded guilty and the possible sentences for those charges, he was informed of the same during his plea hearing. The terms of the plea agreement were recited into the record, and Bakos acknowledged his understanding of the agreement and that he had reviewed the agreement with his trial counsel. He was also advised of the maximum sentences, and he never expressed a lack of understanding or asked any questions.

{¶ 14} The record does not reflect whether defense counsel explained the difference between the third-degree felony charges in the original indictment and the second-degree charges in the bill of information to which Bakos pleaded guilty. Each of the third-degree felonies in the original indictment carried a maximum prison term of 5 years (for a possible aggregate term of 10 years), and Bakos was sentenced to a total

aggregate term of 8 to 12 years. Although Bakos contends that his trial counsel failed to explain to him that the charges to which he pleaded guilty carried a potentially longer maximum sentence than the charges contained in the original (dismissed) indictment, any discussion between them is not part of the record before us. Moreover, the charges to which Bakos pleaded guilty did not require mandatory prison time, in contrast to the charges in the original indictment, and Bakos's trial counsel may have employed this strategic effort for him to avoid a mandatory sentence.

{¶ 15} We cannot consider off-the-record conversations nor will we second-guess counsel's strategic decisions. We are unpersuaded that Bakos's trial counsel rendered deficient performance and that counsel's deficient performance prejudiced him. Bakos, therefore, cannot demonstrate ineffective assistance of counsel on direct appeal.

### III.    Conclusion

{¶ 16} Bakos's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and TUCKER, J., concur.