[Cite as *State v. Brown*, 2025-Ohio-4874.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-19 |
| Appellee | : | |
| | : | Trial Court Case Nos. 24-CR-0468; 25-CR-0118 |
| v. | : | |
| | : | |
| MICHAEL BROWN, JR. | : | (Criminal Appeal from Common Pleas Court) |
| | : | |
| Appellant | : | |
| | : | **FINAL JUDGMENT ENTRY & OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on October 24, 2025, the judgments of the trial court are affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

EPLEY, P.J., and HUFFMAN, J., concur.

OPINION

CHIMA R. EKEH, Attorney for Appellant
CHRISTOPHER P. LANESE, Attorney for Appellee

TUCKER, J.

{¶ 1} Michael Brown, Jr. appeals from his conviction following guilty pleas in two consolidated cases.

{¶ 2} Brown alleges ineffective assistance of counsel based on his attorney's failure to tell him pleading guilty would waive his ability to raise a speedy-trial issue on appeal.

{¶ 3} We conclude that Brown cannot establish ineffective assistance of counsel on direct appeal because the record does not reveal what defense counsel told him about the effect of pleading guilty. Accordingly, the trial court's judgments are affirmed.

**I. Background**

{¶ 4} On June 18, 2024, a grand jury indicted Brown on one count of burglary, a second-degree felony, in Clark C.P. No. 24-CR-0468. The trial court's docket sheet reflects that he moved to dismiss the case on speedy-trial grounds on December 17, 2024, and that the trial court overruled the motion the same day. Although not critical to our analysis, we note that the motion and the trial court's ruling have not been included in the record before us. On February 24, 2025, Brown pled guilty to an amended charge of trespass in a habitation, a fourth-degree felony.

{¶ 5} On February 24, 2025, Brown also was charged by bill of information with one count of strangulation, a third-degree felony, in Clark C.P. No. 25-CR-0118. He pled guilty the same day in exchange for dismissal of a third case involving an aggravated-burglary

charge and a joint recommendation for a 36-month prison sentence to be served concurrently with the sentence imposed in Clark C.P. No. 24-CR-0468.

**{¶ 6}** After accepting Brown's guilty plea in both cases, the trial court imposed concurrent prison sentences of 18 months for trespass in a habitation and 36 months for strangulation. Brown timely appealed from the two consolidated cases.

## II. Analysis

**{¶ 7}** Brown's assignment of error states:

**BROWN RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.**

**{¶ 8}** Brown contends his attorney provided deficient representation by failing to tell him pleading guilty would waive his ability to challenge the trial court's speedy-trial ruling. He asserts that this omission invalidated his plea and prejudiced him because he would not have pled guilty if he had known doing so would waive his right to pursue a speedy-trial argument on appeal.

**{¶ 9}** Upon review, we find Brown's assignment of error to be unpersuasive. The record does not reveal what defense counsel told him regarding the effect of pleading guilty. "[O]ff-the-record events or conversations will not support an ineffective-assistance claim on direct appeal." *State v. Bakos*, 2025-Ohio-1272, ¶ 11 (2d Dist.). Because the deficient representation Brown alleges depends on information outside of the record, his ineffective-assistance claim must be raised in a post-conviction proceeding.

**{¶ 10}** Although Brown's assignment of error must be overruled for the foregoing reason, we note that pleading guilty may have been a wise strategic choice. In exchange for guilty pleas in the two above-captioned cases, the State dismissed an aggravated-burglary charge in another case and recommended concurrent prison sentences totaling 36 months. Considering these favorable terms, there is certainly no reason to presume that defense

3

counsel never explained the consequences of pleading guilty. Brown reasonably may have elected to accept the favorable plea offer even knowing the effect of a guilty plea on his ability to challenge the speedy-trial ruling. We note too that his speedy-trial argument on appeal focuses exclusively on events in Clark C.P. No. 24-CR-0597, the case that was dismissed when he pled guilty to a bill of information in Clark C.P. No. 25-CR-0118. The record from the dismissed aggravated-burglary case was not made part of this appellate proceeding.

{¶ 11} For the foregoing reasons, Brown's assignment of error is overruled.

### III. Conclusion

{¶ 12} The trial court's judgments are affirmed in Clark C.P. Nos. 24-CR-0468 and 25-CR-0118.

. . . . . . . . . . . .

EPLEY, P.J., and HUFFMAN, J., concur.