[Cite as *State v. Dillard*, 2026-Ohio-1475.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 30634 |
| Appellee | : | |
| | : | Trial Court Case No. 2024 CR 02513 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| DARYL ANDERSON DILLARD | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on April 24, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
ROBERT G. HANSEMAN, JUDGE

LEWIS, P.J., and TUCKER, J., concur.

CHRISTOPHER BAZELEY, Attorney for Appellant
MICHAEL P. ALLEN, Attorney for Appellee

HANSEMAN, J.

{¶ 1} Daryl Anderson Dillard appeals from his convictions in the Montgomery County Court of Common Pleas after he pleaded guilty to aggravated vehicular homicide, aggravated vehicular assault, vandalism, and operating a vehicle under the influence of alcohol or drugs ("OVI"). In support of his appeal, Dillard contends that his trial counsel provided ineffective assistance by allowing him to plead guilty to the offenses charged, as opposed to no contest. For the reasons outlined below, the judgment of the trial court is affirmed.

**Facts and Course of Proceedings**

{¶ 2} On September 9, 2024, a Montgomery County grand jury returned a 12-count indictment charging Dillard with six counts of OVI, two counts of failure to stop after a nonpublic road accident, and single counts of aggravated vehicular homicide, aggravated vehicular assault, involuntary manslaughter, and vandalism. The charges arose from an incident during which Dillard struck two individuals, two vehicles, and a guard shack with his vehicle as he was attempting to exit a hospital parking lot while intoxicated.

{¶ 3} On October 17, 2024, Dillard filed a motion to suppress blood-draw evidence and statements that Dillard had made to law enforcement. After holding a suppression hearing, the trial court denied the motion in its entirety. Following the denial of his motion to suppress, Dillard entered into a plea agreement with the State whereby he agreed to plead guilty to aggravated vehicular homicide, aggravated vehicular assault, vandalism, and one

count of OVI. In exchange for Dillard's guilty pleas, the State agreed to dismiss the other eight counts of the indictment and recommend a sentencing range of 12 to 19 years in prison.

{¶ 4} At Dillard's plea hearing, the trial court engaged in a plea colloquy with Dillard, accepted Dillard's guilty pleas, and scheduled the matter for a sentencing hearing. During the sentencing hearing, the trial court sentenced Dillard to a minimum of 11 years to a maximum of 16.5 years in prison for aggravated vehicular homicide, a minimum of 8 years to a maximum of 12 years in prison for aggravated vehicular assault, 18 months in prison for vandalism, and 180 days of local incarceration for OVI. The trial court ordered the prison terms for aggravated vehicular homicide and aggravated vehicular assault to be served consecutively to one another. Additionally, the trial court ordered the prison terms for vandalism and OVI to be served concurrently to the prison term for aggravated vehicular homicide. In total, the trial court sentenced Dillard to a minimum of 19 years to a maximum of 24.5 years in prison.

{¶ 5} Dillard now appeals from his convictions and raises a single assignment of error for review.

**Assignment of Error**

{¶ 6} Under his assignment of error, Dillard claims that his trial counsel provided ineffective assistance by allowing him to plead guilty to his offenses as opposed to no contest. Dillard claims that counsel's conduct in that regard prejudiced him because pleading guilty waived his ability to appeal the trial court's ruling on his motion to suppress.

{¶ 7} This court reviews alleged instances of ineffective assistance of trial counsel under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which has been adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d

3

136 (1989). Pursuant to these cases, in order to prevail on an ineffective-assistance claim, Dillard must show that his trial counsel rendered deficient performance and that the deficient performance prejudiced him. *Strickland* at 687; *Bradley* at paragraph two of the syllabus. The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel. *Strickland* at 697.

{¶ 8} To establish deficient performance, Dillard must show that his trial counsel's performance fell below an objective standard of reasonable representation. *Id*. at 688. When evaluating counsel's performance, a reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689.

{¶ 9} To establish prejudice, Dillard must show that there is "a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 2008-Ohio-3426, ¶ 204, citing *Strickland* at 687-688 and *Bradley* at paragraph two of the syllabus. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Bradley* at 142, quoting *Strickland* at 694.

{¶ 10} It is well established that "'[a] guilty plea waives the right to allege ineffective assistance of counsel, except to the extent that the errors caused the plea to be less than knowing and voluntary.'" *State v. Frazier*, 2016-Ohio-727, ¶ 81 (2d Dist.), quoting *State v. Webb*, 2015-Ohio-553, ¶ 15 (2d Dist.). "If a criminal defendant pleads guilty on the advice of counsel, he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" *State v. Walters*, 2024-Ohio-4607, ¶ 18 (2d Dist.), quoting *Frazier* at ¶ 81. "To demonstrate that counsel was ineffective in permitting a defendant to plead guilty, as opposed to no contest, the defendant must establish that: the State would have agreed to a no-contest plea on the same terms; counsel failed to advise

the defendant that a no-contest plea, unlike a guilty plea, would preserve the pretrial issue for appeal; and had defendant been so advised, the defendant would have rejected the plea offer." *Id.*, citing *Frazier* at ¶ 82.

{¶ 11} In this case, Dillard did not argue, let alone establish, that the State would have accepted no-contest pleas on the same terms for which it accepted his guilty pleas. As previously discussed, in exchange for Dillard pleading guilty to single counts of aggravated vehicular homicide, aggravated vehicular assault, vandalism, and OVI, the State agreed to dismiss the eight remaining counts of the indictment and to recommend a sentencing range of 12 to 19 years in prison. In other words, the State agreed to dismiss more than half of the indicted charges, including a first-degree-felony charge of involuntary manslaughter. Because nothing in the record indicates that the State would have made the same concessions in exchange for Dillard entering no-contest pleas, Dillard's ineffective-assistance claim necessarily fails. *See State v. Barron*, 2018-Ohio-1221, ¶ 5 (2d Dist.), citing *State v. McGlown*, 2013-Ohio-2762, ¶ 17 (2d Dist.); *State v. Brooks*, 2025-Ohio-3292, ¶ 11; *State v. Lenoir*, 2025-Ohio-563, ¶ 25 (2d Dist.).

{¶ 12} Dillard's ineffective-assistance claim also fails because the record does not reveal what his trial counsel told him about pleading guilty or no contest. It is well established that "off-the-record events or conversations will not support an ineffective-assistance claim on direct appeal." *State v. Bakos*, 2025-Ohio-1272, ¶ 11 (2d Dist.), citing *State v. King,* 2024-Ohio-4705, ¶ 10 (2d Dist.), citing *State v. McElrath*, 2024-Ohio-2475, ¶ 21 (2d Dist.); *accord State v. Brown*, 2025-Ohio-4874, ¶ 9 (2d Dist.). "'[T]he appropriate remedy for allegations of ineffective assistance of counsel is through a petition for post-conviction relief when the allegations require the consideration of facts not appearing in the record.'" (Bracketed text in original.) *Lenoir* at ¶ 25, quoting *State v. Hoskins,* 1998 WL 32565, *2 (2d Dist. Jan. 30,

5

1998), citing *State v. Booker*, 63 Ohio App.3d 459 (2d Dist. 1989). Because the record is silent regarding what Dillard's trial counsel explained or what advice counsel gave Dillard prior to entering his guilty pleas, Dillard's ineffective-assistance claim fails. *See Brooks* at ¶ 11, citing *State v. West*, 2022-Ohio-1611, ¶ 34 (2d Dist.), citing *State v. Lindsey*, 2019-Ohio-1550, ¶ 17 (2d Dist.) (finding appellant could not demonstrate the deficient-performance prong of his ineffective-assistance claim because the record did not reflect what advice defense counsel gave appellant about pleading guilty as opposed to no contest or whether counsel told him that pleading guilty would not preserve the suppression issue for appeal).

{¶ 13} For the foregoing reasons, Dillard's sole assignment of error is overruled.

**Conclusion**

{¶ 14} Having overruled Dillard's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

LEWIS, P.J., and TUCKER, J., concur.