OPINION
{¶ 1} On January 10, 2005, Appellant Johnathan Vernell Neely was charged by *Page 2 
indictment with one count of possession of cocaine (25 grams but less than 100 grams-crack), one count of having weapons under a disability (prior drug offense) and one count of carrying a concealed weapon (loaded) in Case No. 04-CR-4716. On February 28, 2005, a motion to suppress and a motion to dismiss were filed. These motions were overruled on June 3, 2005. On February 7, 2006, Neely entered a guilty plea to possession of cocaine and the other two charges were dismissed as part of the plea bargain. On March 10, 2006, the trial court sentenced Neely to three (3) years and ordered it to run concurrent to Case No. 05-CR-1455. On March 17, 2006, Neely filed a notice of appeal in Case No. CA 21525.
 {¶ 2} On May 17, 2005, Neely was charged by indictment with one count of possession of cocaine (more than one gram and less than five grams) in Case No. 05-CR-1455. On February 7, 2006, Neely entered a guilty plea as charged. On March 10, 2006, the trial court sentenced Neely to six months concurrent to his sentence in Case No. 04-CR-4716. On March 17, 2006, Neely filed a notice of appeal in Case No. CA 21526.
 {¶ 3} On January 8, 2007, Neely filed one appellate brief in both case numbers arguing that his pleas entered on February 7, 2006, were not voluntary, that his counsel was ineffective for failing to preserve his appellate rights on his motion to suppress and that the trial court erred in not permitting a continuance for Neely to retain competent counsel. The State responded with one responsive brief. The appeals have been consolidated for resolution in one opinion.
 {¶ 4} When Neely entered his guilty pleas, the following exchange between him and the trial court occurred: *Page 3 
 {¶ 5} "NEELY: I would like to say something-
 {¶ 6} "COURT: Sure.
 {¶ 7} "NEELY: — at this time, I (inaudible) home. I need some rehabilitation.
I'm just
 {¶ 8} "COURT: I understand that.
 {¶ 9} "NEELY: I already know that I've got my three years.
 {¶ 10} "COURT: No-
 {¶ 11} "NEELY: You gave me my three years, and you said what you had to
say. Can I say what I've got to say?
 {¶ 12} "COURT: Yeah.
 {¶ 13} "NEELY: I — I'm going to prison for three years, you're not.
 {¶ 14} "COURT: Yeah — no, I-
 {¶ 15} "NEELY: So can I please say what I've-
 {¶ 16} "COURT: Sure.
 {¶ 17} "NEELY: — got to say?
 {¶ 18} "COURT: Sure.
 {¶ 19} "NEELY: I've just got a problem, you know what I mean? When I do something, and life get too much for me to handle, I'm gonna use crack.
 {¶ 20} "COURT: I understand that.
 {¶ 21} "NEELY: I — I'm — I'm-
 {¶ 22} "COURT: Okay, all right (inaudible)
 {¶ 23} "NEELY: I'm gonna use crack, Ms. Gorman. *Page 4 
 {¶ 24} "COURT: Okay.
 {¶ 25} "NEELY: I don't steal from nobody, I don't sell no dope, I don't rob, I don't do nothing like that. Life get too much for me to handle, I use crack. And I needed you to put me somewhere where I can learn how to deal with that, not in prison. But I've got these three years, that's cool, I'm gonna' do it.
 {¶ 26} "COURT: Yeah.
 {¶ 27} "NEELY: For being in the wrong place at the wrong time, I'm gonna' do that three years.
 {¶ 28} "COURT:
 {¶ 29} "NEELY:
 {¶ 30} "COURT:
 {¶ 31} "NEELY:
 {¶ 32} "COURT:
 {¶ 33} "NEELY:
 {¶ 34} "COURT:
 {¶ 35} "NEELY:
 {¶ 36} "COURT:
 {¶ 37} "NEELY:
 {¶ 38} "COURT:
 {¶ 39} "NEELY:
 {¶ 40} "COURT:
 {¶ 41} "NEELY: *Page 5 
-you — you don't want to hear that.
 {¶ 42} "COURT: No-
 {¶ 43} "NEELY: So I've got-
 {¶ 44} "COURT: — I understand your perspective. But the other thing you have to understand — there are two things you need to understand. One is that, based upon the facts of this case — and remember, I heard the motion to suppress too-
 {¶ 45} "NEELY: And it was garbage. Okay, lies. They got up on the stand and lied, Ms. Gorman.
 {¶ 46} "COURT: Wait a second.
 {¶ 47} "NEELY: You should have sent the police out of here, `cause they lied.
 {¶ 48} "COURT: You plead guilty to this. Under the law, like I said, the guys in Columbus, the legislators (inaudible)-
 {¶ 49} "NEELY: I may not understand that. This is between me-
 {¶ 50} "COURT: Now-
 {¶ 51} "NEELY: — and you. I understand that.
 {¶ 52} "COURT: Okay. Now, here's the other thing you've got to-
 {¶ 53} "NEELY: I'm saying, when you had-
 {¶ 54} "COURT: — understand.
 {¶ 55} "NEELY: — control, when it was at your level, it should have been gone, because it's a bunch of malarkey." (Plea Tr. at 18-21).
 {¶ 56} Neely contends the trial court erred in finding that his pleas were voluntarily entered because he had asserted his innocence and strongly implied that he *Page 6 
would like to appeal the trial court's decision denying his suppression motion. He points out that he informed the trial court at the beginning of the hearing that "the only reason I'm doing this is because I don't want to be railroaded." (Plea Tr. at 9.)
 {¶ 57} The State, for its part, argues that nowhere in the plea record does Neely protest that he is innocent of the charges. The State notes that Neely admitted that he has a drug problem and that he was at the wrong place at the wrong time. Also, the State notes that Neely never expressed a desire to appeal the suppression ruling made by the trial court. Also, the State notes that Neely signed the written plea agreement wherein he stated that he was entering his plea voluntarily.
 {¶ 58} We agree with the State's view of the plea record. Neely does protest that the police lied, but that apparently refers to the search warrant affidavit and does not refer to the events which occurred when the search was conducted.
 {¶ 59} Although Crim.R. 11(C)(2)(b) requires that the trial court determine whether the defendant understands the effect of his plea of guilty, the Ohio Supreme Court has held that a defendant who has entered a guilty plea "without asserting actual innocence" is presumed to understand that he has completely admitted his guilt. State v.Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, at¶ 19. A trial court's failure to inform the defendant of the effect of his guilty plea in such a circumstance is presumed not to be prejudicial. Id. The trial court substantially complied with its duties under Crim.R. 11, and the totality of circumstances indicate Neely subjectively understood that his guilty pleas were a complete admission of his guilt as to those offenses. See State v. Nero, 56 Ohio St.3d 106,564 N.E.2d 474. The trial court also is not required to inform the defendant that a guilty plea operates as a waiver of the right to *Page 7 
contest or appeal pre-trial suppression rulings by the trial court. The first assignment of error is Overruled.
 {¶ 60} In his second assignment, Neely contends that he was denied the effective assistance of counsel because his trial counsel failed to preserve a challenge to the trial court's decision to deny his motion to suppress. Neely contends the record is clear that he would not have pled guilty if he would have understood that his plea of guilty waived his right to appeal the suppression ruling. Ineffective assistance of counsel arguments are evaluated in light of the two-prong analysis set forth in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674. Trial counsel is entitled to a strong presumption that his conduct falls within the wide range of reasonable assistance. Id. at 690. To reverse a conviction based on ineffective assistance of counsel, appellant must demonstrate that trial court's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. Id. at 687. Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. Id. at 689-90.
 {¶ 61} Neely has failed to demonstrate that he was prejudiced by his trial counsel's advice. The trial court's decision denying the suppression motion indicated that Neely had provided no preliminary showing that the police lied in the affidavit supporting the search warrant as required by Franks v. Delaware (1978), 438 U.S. 154,98 S.Ct. 2674, 57 L.Ed.2d 667. Neely had contended in the pre-trial motion that the *Page 8 
search warrant did not provide a sufficiently detailed description of him to permit police to search him. There was no evidence recovered from his person, however. We agree with the State that Neely failed to satisfy the "prejudice prong" of Strickland, supra, to prevail upon an ineffective assistance claim. The second assignment of error is also Overruled.
 {¶ 62} Lastly, Neely contends the trial court committed prejudicial error in denying his motion to continue his trial to obtain competent legal representation. Neely contends the trial court abused its discretion in denying his motion without considering whether Neely's trial counsel was competent or prepared to proceed to trial on the assigned date. Neely was indicted in the first matter on January 10, 2005. On February 11, 2005, he moved to continue the proceedings to prepare a suppression motion. On March 31, 2005, he again moved to continue the proceedings because of the death of his father. On July 15, 2005, Neely's counsel moved for a continuance of the trial date of July 18, 2005, to pursue further plea negotiation with the prosecuting attorney. On November 17, 2005, the trial court set a new trial date of February 6, 2006, for both pending cases. The docket and journal entries do not indicate that Neely filed any other continuance motions which were denied by the trial court. Neely has filed, as part of the appellate record, a transcript of the final pre-trial conference conducted on January 25, 2006. The following occurred in chambers:
 {¶ 63} "COURT: Okay. Now both cases set to go forward on the 6th. First of all, Mr. Neely, a couple of attorneys have approached me. Apparently you've approached them to represent you. This case has been delayed a very, very long time and probably prior to Christmas, the sense I got from you is you want to delay it as much *Page 9 
as possible. I told them you could hire any lawyer you wanted to as long as they're prepared to go to trial on the 6th and I stand by that. If you hire someone, they have to be ready to proceed on February 6. That's the date that was set. These cases have been set for a long time and we're going to proceed. Now, Mr. Lasky, which ones do you want to go forward on first?" (Docket Call Tr. at 2.)
 {¶ 64} Thus, it is clear that the trial court merely indicated two weeks before the scheduled trial date that if Neely secured new counsel, no continuance would be granted if requested. Since no motion for a continuance was overruled by the trial court, this assignment must be Overruled.
 {¶ 65} The judgment of the trial court is Affirmed.
 GRADY and DONOVAN, JJ., concur. *Page 1