[Cite as *State v. Lenoir*, 2025-Ohio-563.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-24 |
| | : | |
| v. | : | Trial Court Case Nos. 22-CR-0811; 22-CR-0633 |
| | : | |
| JONATHAN LENOIR | : | |
| | : | (Criminal Appeal from Common Pleas Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on February 21, 2025

. . . . . . . . . . .

JOHN A. FISCHER, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Jonathan Lenoir appeals from two judgments of the Clark County Common Pleas Court convicting him of trafficking in cocaine following his guilty pleas. For the following reasons, we will affirm the judgments of the trial court.

I.      Facts and Course of Proceedings

{¶ 2} On August 2, 2022, a Clark County grand jury indicted Lenoir in Clark C.P. No. 22 CR 633 on one count of trafficking in cocaine, a first-degree felony in violation of R.C. 2925.03(A)(2), one count of possession of cocaine, a first-degree felony in violation of R.C. 2925.11(A), and one count of having weapons while under disability, a third-degree felony in violation of R.C. 2923.13(A)(3).   Each count contained a forfeiture specification.   With regard to the trafficking in cocaine count, the grand jury further found that Lenoir was a major drug offender, had a firearm on or about his person or under his control while committing the offense, and committed the offense within the vicinity of a school and/or in the vicinity of a juvenile.   These three counts related to events that allegedly took place on March 23, 2022.   Lenoir pleaded not guilty to all the counts.

{¶ 3} On November 1, 2022, Lenoir was indicted by a Clark County grand jury in Clark C.P. No. 22 CR 811 on one count of trafficking in cocaine, a first-degree felony in violation of R.C. 2925.03(A)(2), and one count of possession of cocaine, a first-degree felony in violation of R.C. 2925.11(A).   These counts related to events that allegedly took place on August 16, 2022.   Each count contained a forfeiture specification pursuant to R.C. Chapter 2981.   Lenoir pleaded not guilty to both counts.

{¶ 4} Lenoir filed a motion to suppress evidence in both of his cases.   In Case No. 22 CR 633, the trial court overruled Lenoir's motion to suppress.   In Case No. 22 CR 811, the trial court granted Lenoir's motion to suppress two statements that he made to the police but overruled his request to suppress the cocaine found in his vehicle.

{¶ 5} On May 16, 2023, while a jury was being selected for the trial in Case No. 22 CR 633, the parties informed the trial court that there was a plea agreement and Lenoir desired to change his plea. Therefore, the trial court halted the trial and conducted a plea hearing. The terms of the written plea agreement stated that (1) Lenoir would plead guilty to count one of the indictment with a major drug offender specification and a one-year firearm specification; (2) the State would move to dismiss the second and third counts of the indictment; (3) the parties would recommend a sentence of 11 to 16 ½ years on count one plus one year on the firearm specification; (4) Lenoir would agree to forfeit his interest in the items listed in the forfeiture specification of the indictment; and (5) the sentence would run consecutively to the sentence in Case No. 22 CR 811. The State provided a factual statement relating to the charges contained in the August 2022 indictment. The trial court held a plea colloquy with Lenoir to determine whether his plea was being made knowingly, intelligently, and voluntarily. The court explained the constitutional rights that Lenoir was waiving by entering a plea of guilty, which Lenoir stated he understood. There was no mention of appellate rights by anyone at the plea hearing. However, the written guilty plea signed by Lenoir stated that he understood "my rights to appeal a maximum sentence; my other limited appellate rights and that any appeal must be filed within 30 days of my sentence." The trial court accepted Lenoir's guilty plea and found him guilty of trafficking in cocaine. The court proceeded to sentence Lenoir. During the sentencing hearing, there was no mention of appellate rights.

{¶ 6} On May 17, 2023, the trial court filed its judgment entry in Case No. 22 CR

633.   The court sentenced Lenoir to an indefinite prison sentence of 11 to 16½ years for trafficking in cocaine and to one year in prison for the firearm specification, which was ordered to run consecutively to the indefinite prison sentence.   The court ordered Lenoir to pay the mandatory minimum $10,000 fine and ordered that the items set forth in the forfeiture specification be forfeited to the State.

{¶ 7} Also on May 17, 2023, a plea hearing was held in Case No. 22 CR 811.   The parties presented the trial court with a written plea agreement.   The plea agreement stated that (1) Lenoir would plead guilty to count one of the indictment (trafficking); (2) the State would dismiss count two of the indictment (possession); (3) the State would dismiss Clark C.P. No. 23 CR 177;[1]   (4) the parties would recommend a sentence of 3 to 4½ years that would run consecutively to the sentence in Case No. 22 CR 633; and (5) Lenoir would agree to forfeit his interest in the items listed in the forfeiture specification of the indictment.   The State provided a factual statement relating to the charges contained in the November 2022 indictment.   The trial court conducted a plea colloquy with Lenoir to determine whether his plea was being made knowingly, intelligently, and voluntarily.   The court explained the constitutional rights that Lenoir was waiving by entering a plea of guilty, which Lenoir stated he understood.   There was no mention of appellate rights by anyone at the plea hearing.   However, the plea agreement signed by Lenoir stated that he understood "my rights to appeal a maximum sentence; my other limited appellate rights and that any appeal must be filed within 30 days of my sentence"   The trial court

---

[1] Although our record does not contain the indictment or any filings from Case No. 23 CR 177, the trial court noted at the plea hearings that this case would be dismissed as part of the plea agreements.

accepted Lenoir's guilty plea and found him guilty of trafficking in cocaine. During the subsequent sentencing hearing, there was no mention of any appellate rights.

{¶ 8} On May 19, 2023, the trial court filed a judgment entry in Case No. 22 CR 811. The court sentenced Lenoir to an indefinite prison sentence of 3 to 4½ years and ran that sentence consecutively to the sentence imposed in Case No. 22 CR 633. The trial court also ordered $740 in currency forfeited to the State.

{¶ 9} On April 19, 2024, Lenoir filed a motion for leave to file a delayed appeal. He explained, "Defense counsel told me I could not appeal because of a plea of guilty. He would not file an appeal for me. When I entered London Correctional I went to the law library and was instructed that I could appeal although I pled guilty. I immediately filed this paperwork that I was given in the law library." We granted Lenoir's motion on May 6, 2024. The parties have filed their respective appellate briefs. Lenoir raises two assignments of error.

II.     There Is No Evidence in the Record that Lenoir's Guilty Pleas Were Less Than Knowing, Intelligent, and Voluntary

{¶ 10} Lenoir's first assignment of error states:

Mr. Lenoir's Guilty Pleas Were Not Knowing, Voluntary, and Intelligent.

{¶ 11} The first assignment of error concerns whether a trial court must inform a defendant of the effect a guilty plea will have on his appellate rights prior to accepting his guilty plea. Lenoir contends that the trial court's failure to discuss his appellate rights

along with his "subsequent conduct shows that he did not comprehend his appellate rights and did not understand that a plea of guilty would foreclose appellate arguments regarding his motions to suppress." Appellant's Brief, p. 4. Lenoir argues that his failure to pursue an appeal within the time requirements of the appellate rules was evidence that "he did not understand anything regarding his appellate rights." *Id.* at 5. Lenoir points to his motion to file a delayed appeal, which stated that his attorney had instructed him that he could not appeal these cases because of his guilty pleas. *Id.* at 6. Lenoir continues, "If that point is true (and this Court has only Mr. Lenoir's statement regarding this point), then this Court should presume that there was no discussion whatsoever regarding the prohibition of a guilty plea on challenges to adverse decisions on pretrial motions." *Id.* Finally, Lenoir argues that the fact that he "had filed two motions to suppress that were both mostly overruled" should have led the State and the trial court to expect him to tender a no contest plea rather than a guilty plea. Lenoir contends that, when he instead entered a guilty plea, the trial court and the State should have known that Lenoir did not understand that his guilty plea waived his right to challenge the motion to suppress decisions on appeal. *Id.* at 7.

{¶ 12} The State responds that a trial court is not required "to make a specific inquiry into the defendant's understanding of the effect of a guilty plea on the appealability of adverse pre-trial rulings, where a defendant's misunderstanding of that effect is not apparent from the record." Appellee's Brief, p. 5, citing *State v. Satterwhite*, 2009-Ohio-6593, ¶ 47 (2d Dist.). The State points out that Lenoir never raised this issue with the trial court, and he stated on the record that he had reviewed and understood the guilty

plea waiver form, which contained a statement that Lenoir understood his limited appellate rights. Finally, the State notes that Lenoir failed to file a motion to withdraw his guilty pleas.

{¶ 13} In order to comport with due process and be constitutionally valid, a guilty plea must be entered knowingly, intelligently, and voluntarily. *State v. Miller*, 2017-Ohio-478, ¶ 9 (2d Dist.), citing *State v. Bateman*, 2011-Ohio-5808, ¶ 5 (2d Dist.), citing *Boykin v. Alabama*, 395 U.S. 238 (1969). To determine whether a particular plea met those criteria, " 'an appellate court examines the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards.' " *State v. Redavide*, 2015-Ohio-3056, ¶ 10 (2d Dist.), quoting *State v. Barner*, 2012-Ohio-4584, ¶ 7 (4th Dist.). The failure to file a Crim.R. 32.1 motion to withdraw a plea or otherwise challenge a guilty plea at the trial court level has been held to constitute a waiver of the issue on appeal. *See State v. Johnson*, 2020-Ohio-2826, ¶ 11 (8th Dist.). In such a case, we review for plain error or defects affecting substantial rights under Crim.R. 52(B).

{¶ 14} "In order for a plea to be knowing, intelligent, and voluntary, the trial court must comply with Crim.R. 11(C)." *State v. Russell*, 2011-Ohio-1738, ¶ 6 (2d Dist.), citing *State v. Greene*, 2006-Ohio-480, ¶ 8 (2d Dist.). "Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest." *State v. Veney*, 2008-Ohio-5200, ¶ 8. "By following this rule, a court ensures that the plea is knowing, intelligent, and voluntary." *State v. Cole*, 2015-Ohio-3793, ¶ 12 (2d Dist.), citing *Redavide* at ¶ 12.

{¶ 15} Crim.R. 11(C)(2) requires the trial court to address the defendant personally and (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that he or she understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses, and to require the State to prove guilt beyond a reasonable doubt at a trial at which he or she cannot be compelled to testify against himself or herself. *State v. Brown*, 2007-Ohio-6675, ¶ 3 (2d Dist.), citing Crim.R. 11(C)(2).

{¶ 16} A no contest plea does not preclude a defendant from raising on appeal the trial court's ruling on a pretrial motion, including a pretrial motion to suppress evidence. Crim.R. 12(I). However, a guilty plea " 'operates as waiver of claimed errors of the trial court in overruling pretrial motions.' " *State v. Graves*, 2005-Ohio-5579, ¶ 19 (2d Dist.), quoting *State v. Mastice*, 1987 WL 12631, *1 (2d Dist. June 8, 1987). "Crim.R. 11(C)(2)(b) requires the trial court to inform the defendant of the effect of his plea, but the defendant, as part of this discussion, does not have to be informed that by pleading guilty he is waiving his right to appeal any pretrial rulings." *State v. Jones*, 2018-Ohio-2219, ¶ 13 (2d Dist.), citing *State v. Portis*, 2014-Ohio-3641, ¶ 12 (2d Dist.), and *Satterwhite*, 2009-Ohio-6593 (2d Dist.). "The rationale for this conclusion is that '[t]he information

that a guilty plea is a complete admission of guilt, along with the other information required by Crim.R. 11, assures that defendants enter pleas with knowledge of the rights they would forego and creates a record by which appellate courts can determine whether pleas are entered voluntarily.' " *Id.*, quoting *State v. Griggs*, 2004-Ohio-4415, ¶ 11. "However, if the trial court says anything that could create confusion concerning the defendant's appellate rights or if the defendant indicates such confusion, this, could, of course, undermine the Crim.R. 11(C)(2)(b) effect of plea discussion and render the plea less than voluntary, knowing, and intelligent." *Id.* at ¶ 14, citing *Portis* at ¶ 12.

{¶ 17} During the plea hearing, the trial court explained the effect of Lenoir's guilty plea and what constitutional rights Lenoir was waiving by entering a guilty plea. The trial court fully complied with Crim.R. 11(C). While the trial court did not discuss with Lenoir his limited appellate rights, neither Lenoir nor his counsel made any statements to the trial court alerting it that Lenoir was confused about his limited appellate rights. The written plea form signed by Lenoir stated that he understood his limited appellate rights. As noted above, a trial court is not required to discuss a defendant's limited appellate rights before accepting a guilty plea absent some statement or evidence in the record that the defendant was confused about his limited appellate rights.[2] Such evidence is absent from the record before us. Notably, Lenoir did not alert the trial court to any confusion by filing a motion to withdraw his guilty plea. On this record, we cannot conclude that

---

[2] Although a trial court is not required to inform a criminal defendant that a guilty plea will forfeit his ability to assign as error any claimed errors in pretrial rulings, we reiterate that "it is good practice, in accepting a guilty plea, to ascertain that the defendant understands this key distinction between guilty and no-contest pleas." *Satterwhite*, 2009-Ohio-6593, at ¶ 47 (2d Dist.).

Lenoir's guilty plea was less than knowing, voluntary, and intelligent solely because the trial court did not orally inform him of his appellate rights prior to accepting the plea.

{¶ 18} The first assignment of error is overruled.

III.    There Is No Evidence in the Record that Lenoir Received Ineffective Assistance of Trial Counsel Relating to His Guilty Pleas

{¶ 19} Lenoir's second assignment of error states:

Mr. Lenoir Was Denied the Effective Assistance of Counsel Due to Counsel's Failure to Advise Mr. Lenoir to Enter a No Contest Plea Rather than a Guilty Plea.

{¶ 20} Lenoir contends that the fact that he "is attempting to pursue his appeal shows that he would have rejected the plea offer if he had known that he could not appeal the rulings on the motions to suppress." Appellant's Brief, p. 10. According to Lenoir, "It is simply unfathomable that [he] would have given up his chance to appeal the trial court's decisions on the motions to suppress." Id. at 11.

{¶ 21} The State responds that "[t]here is no evidence in the record that the State would have agreed to a no-contest plea on the same terms as the guilty pleas in this case. In fact, the State would not have done so." Appellee's Brief, p. 10. Further, the State explains that there was a huge incentive for Lenoir to plead guilty rather than no contest because he faced a maximum prison sentence of 29 to 34½ years if he had pled no contest to all charges, which was reduced to a total prison term of 15 to 20½ years when he entered guilty pleas pursuant to the plea agreements.

**{¶ 22}** To establish ineffective assistance of counsel, Lenoir must demonstrate both that trial counsel's conduct fell below an objective standard of reasonableness and that the errors were serious enough to create a reasonable probability that, but for the errors, the outcome of his trial would have been different. *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989). Trial counsel is entitled to a strong presumption that his or her conduct fell within the wide range of reasonable assistance. *Strickland* at 689. "Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." *State v. Frazier*, 2016-Ohio-727, ¶ 45 (2d Dist.), citing *State v. Cook*, 65 Ohio St.3d 516, 524-525 (1992), and *State v. Rucker*, 2012-Ohio-4860, ¶ 58 (2d Dist.).

**{¶ 23}** "A guilty plea waives the right to allege ineffective assistance of counsel, except to the extent that the errors caused the plea to be less than knowing and voluntary." *State v. Webb*, 2015-Ohio-553, ¶ 15 (2d Dist.), citing *State v. Spates*, 64 Ohio St.3d 269 (1992). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not" within " 'the range of competence demanded of attorneys in criminal cases.' " *Id.* at 266-267, quoting *McMann v. Richardson*, 397

U.S. 759, 771 (1970).

{¶ 24} In order to be successful on his claim that his counsel was ineffective for allowing him to plead guilty rather than no contest, Lenoir must establish that "(1) the State would have agreed to a no-contest plea on the same terms; (2) counsel failed to advise the defendant that a no-contest plea, in contradistinction to a guilty plea, would preserve the pretrial issue for appeal; and (3) had defendant been so advised, the defendant would have rejected the plea offer." *Frazier* at ¶ 82, citing *State v. McGlown*, 2013-Ohio-2762, ¶ 17 (2d Dist.). Lenoir did not establish any of these three requirements, let alone all three.

{¶ 25} First, there is no evidence in the record that the State would have agreed to a no-contest plea on the same terms as those ultimately agreed to in exchange for Lenoir's guilty pleas. As the State points out, Lenoir received a much shorter prison sentence pursuant to the plea agreement than what he would have faced if he had pled no contest to all of the charges and been sentenced on the additional charges that were dismissed pursuant to the plea agreement. Second, there is no evidence in the record that Lenoir's trial counsel failed to advise him of the distinction between a no contest and a guilty plea, especially in terms of the effect of each type of plea on Lenoir's appellate rights. While Lenoir included a short, handwritten statement in his motion for leave to file a delayed appeal stating that his attorney told him he could not file an appeal, that statement is not part of the trial court's record for purposes of reviewing this assignment of error. Third, there is no evidence in the record that Lenoir would have rejected the State's plea offer if he had been informed of the difference between a no contest plea and

a guilty plea in terms of its effect on his ability to appeal from the trial court's rulings on his motions to suppress. While Lenoir's appellate brief includes statements and inferences relating to the three requirements stated in *Frazier*, there is no evidence in the record supporting his position on those requirements. "[T]he appropriate remedy for allegations of ineffective assistance of counsel is through a petition for post-conviction relief when the allegations require the consideration of facts not appearing in the record." *State v. Hoskins*, 1998 WL 32565, *2 (2d Dist. Jan. 30, 1998), citing *State v. Booker*, 63 Ohio App.3d 459 (2d Dist. 1989). Further, we do not agree that the fact that Lenoir failed to file a timely appeal from the trial court's judgments necessarily supports the argument that Lenoir's counsel must not have informed him of the effect of pleading guilty versus no contest. For example, if Lenoir's counsel had fully informed him that a guilty plea waived his right to appeal pretrial rulings, then there would have been no reason to file an appeal from the trial court's judgments relating to those pretrial rulings. In such a context, the attorney would have been correct when he purportedly told Lenoir that he could not appeal from his convictions.

{¶ 26} On the record before us, we cannot conclude Lenoir received ineffective assistance of trial counsel that rendered his guilty pleas less than knowing, intelligent, and voluntary. The second assignment of error is overruled.


IV.    Conclusion

{¶ 27} Having overruled both of Lenoir's assignments of error, we will affirm the judgments of the trial court.

. . . . . . . . . . . . .

EPLEY, P.J. and HUFFMAN, J., concur.