[Cite as *State v. Brooks*, 2025-Ohio-3292.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2024-CA-36 |
| Appellee | : | |
| | : | Trial Court Case No. 2024 CR 106 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| DAVID ALBERT BROOKS | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on September 12, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

MICHAEL L. TUCKER, JUDGE

EPLEY, P.J., and LEWIS, J., concur.

**OPINION**
CHAMPAIGN C.A. No. 2024-CA-36

THOMAS W. KIDD, JR., Attorney for Appellant
SAMANTHA B. WHETHERHOLT, Attorney for Appellee

TUCKER, J.

{¶ 1} David Albert Brooks appeals from his conviction following a guilty plea to operating a motor vehicle while under the influence of a controlled substance, a third-degree felony.

{¶ 2} Brooks contends his guilty plea was invalid because the trial court failed to tell him that the plea would waive his ability to challenge its decision overruling a suppression motion. He also alleges ineffective assistance of counsel based on his attorney's advice to plead guilty rather than no contest, thereby waiving any suppression argument on appeal.

{¶ 3} We conclude that Brooks' plea was valid because the trial court was not required to tell him a guilty plea would waive his ability to challenge its suppression ruling. We reject the ineffective-assistance argument for two reasons. First, the record does not reveal what his attorney told him or recommended. Second, Brooks' plea was a negotiated one, and nothing in the record indicates that the State would have made the same concessions in exchange for a no-contest plea. Accordingly, the trial court's judgment is affirmed.

## I. Background

{¶ 4} Brooks was indicted on two counts of cocaine possession, two counts of aggravated drug possession, one count of attempted evidence tampering, and five counts of operating a motor vehicle while under the influence of a controlled substance. The charges stemmed from evidence obtained during a traffic stop. After unsuccessfully seeking

suppression of the evidence, Brooks entered into a negotiated plea agreement. Among other things, he agreed to plead guilty to one count of operating a motor vehicle while under the influence of a controlled substance, a third-degree felony, in exchange for the State's dismissal of all other charges. The trial court accepted the plea, made a finding of guilt, and imposed a 48-month prison term, with 60 days being mandatory time. Brooks timely appealed, advancing two assignments of error.

## II. Analysis

{¶ 5} The first assignment of error states:

THE TRIAL COURT FAILED TO CONDUCT A PROPER PLEA COLLOQUY

UNDER CRIM.R. 11(C), RENDERING THE GUILTY PLEA INVALID.

{¶ 6} Brooks contends the trial court violated Crim.R. 11(C) by failing to tell him during his plea hearing that a guilty plea would waive his ability to challenge its suppression ruling on appeal. He argues that the trial court's omission rendered his guilty plea less than knowing, intelligent, and voluntary. He also alleges that the omission prejudiced him because the suppression issue was central to his defense and he likely would have chosen a no-contest plea to preserve the issue.

{¶ 7} Upon review, we find Brooks' argument to be unpersuasive. It is true that his guilty plea waived his ability to challenge the trial court's suppression ruling on appeal. *State v. Jones*, 2022-Ohio-2603, ¶ 5 (2d Dist.). But Crim.R. 11(C) did not require the trial court to advise Brooks of that consequence. "The fact that a guilty plea waives a defendant's right to argue a suppression motion on appeal is not one of the matters a trial court is obligated to address under Crim.R. 11(C)." *State v. Jordan*, 2021-Ohio-2332, ¶ 13 (2d Dist.); *see also State v. Walters*, 2024-Ohio-4607, ¶ 16 (2d Dist.) ("Crim.R. 11(C)(2)(b) does not require the trial court to inform a criminal defendant that a guilty plea will forfeit his ability to assign as

error any claimed error in pretrial rulings."); *State v. Neely*, 2007-Ohio-2965, ¶ 59 (2d Dist.) ("The trial court also is not required to inform the defendant that a guilty plea operates as a waiver of the right to contest or appeal pre-trial suppression rulings by the trial court."). This is particularly true where, as here, the record does not affirmatively show any misunderstanding regarding the non-appealability of a pretrial ruling. *State v. Portis*, 2014-Ohio-3641, ¶ 12 "([B]ecause there was no indication of a misunderstanding, the trial court was not required to conduct a specific inquiry into whether Portis understood that his guilty plea would waive his right to appeal pretrial rulings, including the trial court's decision overruling his motion to suppress.").

{¶ 8} Given that the trial court was not obligated to tell Brooks a guilty plea would waive his ability to challenge its suppression ruling, the lack of such an advisement did not invalidate the plea. Accordingly, the first assignment of error is overruled.

{¶ 9} The second assignment of error states:

TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE BY ADVISING APPELLANT TO PLEAD GUILTY RATHER THAN NO CONTEST, THEREBY FORFEITING APPELLATE REVIEW OF THE MOTION TO SUPPRESS.

{¶ 10} Brooks contends his trial counsel provided deficient representation by advising him to plead guilty rather than no contest, unnecessarily waiving the suppression issue on appeal. Brooks alleges that he was prejudiced because "irregularities" in the traffic stop provided grounds for suppression.

{¶ 11} Brooks' argument lacks merit for at least two reasons. First, the record does not reveal what trial counsel told him about pleading guilty or no contest. He cannot demonstrate ineffective assistance where the record is silent regarding what his attorney explained or what advice his attorney provided prior to the guilty plea. *State v. West*, 2022-

Ohio-1611, ¶ 34 (2d Dist.), citing *State v. Lindsey*, 2019-Ohio-1550, ¶ 17 (2d Dist.). Second, Brooks' plea was a negotiated one. In exchange for a guilty plea, the State dismissed nine other charges. Brooks cannot establish ineffective assistance absent evidence "that the State would have made the same concessions in exchange for a no-contest plea." *State v. Barron*, 2018-Ohio-1221, ¶ 5 (2d Dist.), citing *State v. McGlown*, 2013-Ohio-2762, ¶ 17 (2d Dist.); *see also State v. Lenoir*, 2025-Ohio-563, ¶ 25 (2d Dist.) (finding no ineffective assistance absent "evidence in the record that the State would have agreed to a no-contest plea on the same terms as those ultimately agreed to in exchange for Lenoir's guilty pleas"). For both reasons, the second assignment of error is overruled.

### III. Conclusion

{¶ 12} The judgment of the Champaign County Common Pleas Court is affirmed.

. . . . . . . . . . . .

EPLEY, P.J., and LEWIS, J., concur.