[Cite as *State v. Smith*, 2026-Ohio-378.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-41 |
| Appellee | : | |
| | : | Trial Court Case Nos. 23-CR-287; 24-CR-147 |
| v. | : | |
| | : | |
| GLORIA RUTH SMITH | : | (Criminal Appeal from Common Pleas Court) |
| | : | |
| Appellant | : | |
| | : | **FINAL JUDGMENT ENTRY & OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on February 6, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____

MICHAEL L. TUCKER, JUDGE

LEWIS, P.J., and HUFFMAN, J., concur.

OPINION

STEVEN H. ECKSTEIN, Attorney for Appellant
JOHN M. LINTZ, Attorney for Appellee

TUCKER, J.

{¶ 1} Defendant-appellant Gloria Ruth Smith appeals from her convictions of two counts of aggravated trafficking in drugs, which followed a guilty plea. For the reasons set forth below, we affirm.

## I.      Factual and Procedural History

{¶ 2} On May 9, 2023, Smith was indicted on seven felony drug charges in Clark C.P. No. 23-CR-287. On February 27, 2024, she was indicted on six additional felony drug charges in Clark C.P. No. 24-CR-147. Smith filed a motion to suppress in Case No. 23-CR-287. The motion was denied by the trial court.

{¶ 3} Thereafter, the parties reached a plea agreement under which Smith agreed to enter guilty pleas to the first count of each indictment—aggravated trafficking in drugs (a second-degree felony) in Case No. 23-CR-287 and aggravated trafficking in drugs (a third-degree felony) in Case No. 24-CR-147. In exchange, the State agreed to dismiss the remaining charges and to stand silent as to sentencing. The guilty pleas were entered in open court on May 14, 2025.

{¶ 4} A sentencing hearing was conducted on June 18, 2025. In Case No. 23-CR-287, the trial court sentenced Smith to an indefinite prison term of 6 to 9 years. In Case No. 24-CR-147, the court imposed a prison term of 24 months. The court ordered the sentences to run consecutively for an aggregate prison term of 8 to 11 years.

2

{¶ 5} Smith's timely appeal followed. Her trial counsel filed the notice of appeal, which stated that the denial of Smith's motion to suppress would be one of the probable issues on review.

## II. Guilty Plea

{¶ 6} Smith's assignment of error states:

THE PLEA OF GUILTY WAS NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY ENTERED AS THE DEFENDANT-APPELLANT FAILED TO RECEIVE THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

{¶ 7} Smith contends she was deprived of the effective assistance of counsel at the time she entered the pleas. She claims that she entered the pleas under the mistaken belief that she would retain the ability to appeal the denial of her motion to suppress. As Smith correctly notes, a defendant's guilty plea waives the right to appeal the denial of a suppression motion. *State v. Brooks*, 2025-Ohio-3292, ¶ 7 (2d Dist.). Smith argues that counsel's failures to explain this consequence and to advise her to instead enter a no contest plea caused her pleas to be less than knowing, intelligent, and voluntary.

{¶ 8} A criminal defendant has the right to effective assistance of counsel at all critical stages of a criminal proceeding, including the entry of a guilty plea. *Missouri v. Frye*, 566 U.S. 134, 140 (2012). However, when a defendant enters a guilty plea, thereby making a complete admission of guilt, he or she generally waives the right to claim ineffective assistance of counsel unless counsel's errors precluded him or her from entering a knowing, intelligent, and voluntary guilty plea. *State v. Riddle*, 2017-Ohio-1199, ¶ 26 (2d Dist.). To establish ineffective assistance of counsel in connection with a guilty plea, a defendant must demonstrate: (1) that counsel's performance was deficient, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors

3

prejudiced the defendant, i.e., a reasonable probability that but for counsel's deficient performance, the defendant would not have pled guilty to the offenses at issue and would have instead insisted on going to trial. *Id.*

{¶ 9} Before we can determine whether counsel's advice was deficient or prejudicial to Smith, we must determine what advice counsel actually offered. There is nothing in the record indicating what advice was given, so such a determination would require us to examine facts outside the record. The Ohio Supreme Court has stated that "it is impossible to determine whether the attorney was ineffective in his representation of appellant where the allegations of ineffectiveness are based on facts not appearing in the record." *State v. Cooperrider*, 4 Ohio St.3d 226, 228 (1983). Instead, in such cases appellants are limited to presenting evidence of counsel's ineffectiveness through a petition for post-conviction relief in accordance with R.C. 2953.21. *Id.*

{¶ 10} Smith asserts the record supports her argument. She argues that evidence of counsel's deficient performance is shown by the facts that he agreed to the plea agreement and that he included the denial of the motion to suppress as an issue for review in the notice of appeal.

{¶ 11} Without more, we cannot conclude that the facts cited by Smith demonstrate either deficient performance or prejudice. Again, the record is silent as to the advice provided by counsel. In a direct appeal, we cannot consider such matters because we are confined to the testimony and evidence that the parties presented to the trial court. Obviously, without knowing the advice that trial counsel gave, we cannot determine whether the advice was deficient or prejudicial.

{¶ 12} Accordingly, the assignment of error is overruled.

4

### III. Conclusion

**{¶ 13}** The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

LEWIS, P.J., and HUFFMAN, J., concur.